FRANK H. BAKER, Appellant, Impleaded with Others, *v.* GEORGE E. BAKER and CAROLINE C. CALVIN, Respondents, Impleaded with Others.

*Partition suit — by a dismissal of the complaint the court does not lose jurisdiction of funds in the hands of a receiver — staying, by an order in one action, the execution of a decree made in another — remedy for rents collected by one prior to his appointment as receiver.*

By the dismissal of the complaint in an action of partition, upon the ground that the will of the plaintiff's ancestor created an equitable conversion, the court does not lose jurisdiction over funds in the hands of a receiver of the rents and profits theretofore appointed in such action.

Where, after the dismissal of the complaint, the widow of the plaintiff's ancestor commences an action for the construction of the will and a distribution of the estate, the court has no power by an order in the partition suit to stay the execution of the decree made in the widow's action for the construction of the will ; such a stay is in reality an injunction, and where the pleadings and prayer for relief in the partition suit present no case authorizing an injunction, it is improper.

Where it appears that, before the receiver was appointed, a prior motion for the appointment of a receiver had been denied upon the execution, by the person who was collecting the rents at the time and who was subsequently appointed receiver, of a bond conditioned for the payment to the other parties in interest

of their share of the rents, the remedy for rents collected prior to the appoint-- ment of the receiver is by an action upon the bond given as a condition of denying the receivership.

APPEAL by the plaintiff, Frank H. Baker, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 29th day of August, 1898, directing said plaintiff individually and as receiver of the property which is the subject of the suit, to account to the defendants, George E. Baker and Caroline C. Calvin, for rents collected by him, and restraining the defendant, William B. Davenport, public administrator of the county of Kings, as executor of the will of Edwin Baker, deceased, from paying over to the said Frank H. Baker the amount of a legacy bequeathed to the latter by the will of said Edwin Baker, deceased, as directed by the judgment in an action brought by Mary E. Baker against the said William B. Davenport and others.

*Frank E. Dana,* for the appellant.

*V. B. Denslow,* for the respondents.

PER CURIAM:

This action was instituted for the partition of certain real estate of which Edwin Baker, the father of the parties, died seized. During the pendency of the action a motion was made for the appointment of a receiver of the rents and profits of the property, which the plaintiff, at the time, was collecting. This was denied on the plaintiff executing a bond conditioned for the payment to the other parties in interest of their share of the rents. With this condition the plaintiff complied. Afterwards the motion for the appointment of a receiver was renewed and the plaintiff was appointed receiver. Judgment of partition was entered in the action. On appeal this division of the court reversed the judgment and dismissed the complaint, holding that the will of the testator effected an equitable conversion. Subsequently the widow brought an action to construe the will and for distribution of the estate. In this last action judgment was entered directing the payment of their several shares to the parties in interest. Afterwards, on the application of two of the defendants in the partition suit, an order was made in this action

directing the plaintiff, both individually and as receiver, to account to the defendants for their shares of the rents, and also enjoining the payment to the plaintiff of the sum awarded by the decree in the widow's action.   From that order this appeal is taken.

By the judgment dismissing the complaint the court did not lose jurisdiction of the funds brought into court under the receivership. The order, so far as it directs the plaintiff as receiver to account, is, therefore, correct.   But the defendants' only remedy for rents collected prior to the time of the appointment of the receiver must be by action on the bond given as a condition for denying the receivership. The court had no power in this action to stay the execution of the decree in the widow's action.   Such a stay is in reality an injunction, and the pleadings and prayer for relief in this action, even when alive, presented no case authorizing an injunction.

The order should be affirmed, so far as it directs the plaintiff to account as receiver, and in other respects reversed, without costs of this appeal to either party.

All concurred.

Order affirmed, so far as it directs plaintiff to account as receiver, and in other respects reversed, without costs of appeal to either party.